# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER DANGERFIELD,

    Petitioner,   :  Case No. 1:15-cv-609

  - vs -         District Judge Timothy S. Black
               Magistrate Judge Michael R. Merz

BOBBY BOGAN, JR., Warden,,
 Warren Correctional Institution,
               :
    Respondent.

## REPORT AND RECOMMENDATIONS

  This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the merits. The case was transferred to the undersigned from Magistrate Judge Karen Litkovitz on November 9, 2016, to help balance the workload among the Western Division Magistrate Judges (ECF No. 15).

  Mr. Dangerfield filed the Petition September 20, 2015 (ECF No. 1). After Respondent filed the State Court Record (ECF No. 9) and an Answer/Return of Writ (ECF No. 10), Petitioner sought to compel completion of the record and an extension of time to file his traverse until the record was complete (ECF No. 11), but he also filed a Traverse at that time (ECF No. 12). Judge Litkovitz granted both requests (ECF No. 13) and the State complied with the Order (ECF No. 14). However, Mr. Dangerfiled filed no supplement to his traverse within the twenty-one days Judge Litkovitz allowed and his time to do so expired September 25, 2016.

  Mr. Dangerfield pleads one Ground for Relief as follows:

1

>**GROUND ONE:** The trial court erred to the substantial prejudice of defendant-appellant by rendering a judgment in the face of ineffective assistance of counsel in violation of the United States and Ohio Constitutions.
>
>**SUPPORTING FACTS**: Trial court at sentencing failed to conduct a presentence investigation that would have revealed mitigating circumstances that would have warranted a shorter sentence.

(Petition, ECF No. 1, PageID 4.)

**Procedural and Factual History**

Dangerfield was indicted by the Hamilton County Grand Jury in 2011 on one count of aggravated murder (Ohio Revised Code § 2903.01(A)) (Count 1) with specifications; two counts of endangering children (Ohio Revised Code § 2919.22(B)(1)(Counts 2 and 3); and one count of murder (Ohio Revised Code § 2903.02(B))(Count 4).

Petitioner waived his right to a jury trial, elected to withdraw his not guilty plea, and pleaded guilty to aggravated murder. The State agree to dismiss the death penalty specification and Counts 2-4. The plea agreement specified that Dangerfield would receive a life sentence and then parole eligibility review after 20, 25, or 30 years, or life without parole.

On March 21, 2013, the court accepted Dangerfield's aggravated-murder plea and dismissed the death penalty specification and Counts 2-4. Defendant was later sentenced to life in prison, with parole eligibility after 25 years.

Dangerfield, represented by counsel, appealed to the Court of Appeals of Ohio, First Appellate District, Hamilton County, raising one assignment of error:

2

> 1. The trial court erred to the substantial prejudice of defendant appellant by rendering a judgment in the face of ineffective assistance of counsel in violation of the United States and Ohio Constitutions.

(State Court Record, ECF No. 9, PageID 59.)

On June 2, 2014, the Court of Appeals affirmed the judgment of the trial court. *State v. Dangerfield*, 2014-Ohio-1638, 2014 Ohio App. LEXIS 1638 (1st Dist. Apr. 18, 2014); appellate jurisdiction declined, 140 Ohio St. 3d 1439 (2014).

On November 25, 2015, Dangerfield, *pro se*, filed an application with the First District Court of Appeals to reopen his appeal pursuant to Ohio App. R. 26(B)(State Court Record, ECF No. 9, Exhibit 17; PageID 85). Dangerfield claimed his appellate counsel was ineffective for failing to raise the following assignments of error:

> 1. Appellate counsel was ineffective, failing to present on direct appeal as error the ineffective assistance of trial counsel for counsel's failure to raise the defense of insanity. (Id.)

The State opposed the application for reopening and matter is pending.

On June 8, 2015, Dangerfield filed a motion with the Hamilton County Court of Common Pleas requesting his mental health records from December 28, 2010, through April 19, 2013, and for appointment of counsel. (Exhibit 21; PAGEID #: 98). The court has not ruled on either of these motions.

On December 14, 2015, Dangerfield moved to withdraw his guilty plea claiming that at the time of his plea colloquy, he was heavily medicated with "psychotropic and psychoactive drugs", and therefore mentally incapacitated. (Exhibit 22; PAGEID #: 100). The State argues against Dangerfield's motion. This matter is also still pending.

Dangerfield has not pleaded either of these claims in the instant Petition, so the pendency

3

of these matters in the Ohio courts does not prevent the Petition from being ripe for decision.

# Analysis

Petitioner raises one ground for relief, to wit, that his trial attorney failed to request a presentence investigation report prior to sentencing. Respondent raises no affirmative defense to this claim, but instead defends on the merits.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at

4

> the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Dangerfield raised his ineffective assistance of trial counsel claim on direct appeal and the First District decided it as follows:

> **[*P2]** Dangerfield appeals his conviction. He argues in his sole assignment of error that his trial counsel had been ineffective because counsel had failed to request a presentence investigation report. For a defendant to succeed on a claim of ineffective assistance, he or she must demonstrate that counsel's performance was deficient, and that the defendant was prejudiced by this deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 20 52, 80 L.Ed.2d 674 (1984). Counsel will only be considered deficient if his or her performance fell below an objective standard of reasonableness. *Id.* at 688. And a defendant is only prejudiced if it is demonstrated that the outcome of the proceedings would have been different but for counsel's performance. *Id.* at 694. As we review the record, this court is highly deferential when judging counsel's actions, and we begin with the presumption that counsel's behavior fell within the range of reasonable professional assistance. *Id.* at 689.
>
> **[*P3]** With this standard in mind, we conclude that Dangerfield's counsel was not ineffective for failing to request a presentence investigation report. This court generally refrains from second

> guessing counsel's trial strategy. And in this case, the record is clear that counsel intentionally elected not to request a presentence investigation report. When questioned by the trial court about the report, Dangerfield's counsel responded that "[w]e specifically did not request one." Because Dangerfield can do no more than speculate that a presentence investigation report would have been favorable to him, we cannot conclude that Dangerfield was prejudiced by his counsel's failure to request the report. *See State v. Brown*, 4th Dist. Athens No. 09CA3, 2009-Ohio-5390, ¶ 48.
>
> **[\*P4]** Dangerfield has not shown that his trial counsel was ineffective. The assignment of error is overruled, and the judgment of the trial court is affirmed.

*State v. Dangerfield supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Here the First District Court of Appeals cited the relevant controlling Supreme Court precedent from *Strickland.* It found that not obtaining a presentence investigation was a deliberate decision of the trial attorney and not inadvertence or negligence. That is a finding of fact well supported by the record.

Mr. Dangerfield argues that the First District relied on a distinguishable case, *Martin v. Mitchell*, 280 F.3d 594 (6th Cir. 2002)(Traverse, ECF No. 12, PageID 144). However, that case is nowhere cited in the First District's opinion.

Had there been a presentence investigation conducted, Mr. Dangerfield claims it would have contained

> a plethora of information related to Petitioner's mental retardation, the drugs that Petitioner had been prescribed at the time of the death of Petitioner's son, and the concoction of drugs that addled Petitioner's mind at the time that he was accepting his guilty plea, making him unable to speak and form coherent language (TR@ 24). Not only would this information have potentially influenced the sentencing of Petitioner, but it easily could have influenced the trial court's decision to accept Petitioner's plea in the first place.

(Traverse, ECF No. 12, PageID 144-45.) The problem with this assertion is that it is completely speculative: there is no evidence of record to support this claim. This Court has no way of knowing what would have been in a presentence investigation report and neither did the Court of Appeals. Dangerfield's entire argument on this assignment of error on direct appeal was:

> While the request for a presentence investigation is generally a discretionary matter for counsel, See, e.g., L. Katz, P. Giannelli, J. Lipton, & P. Crocker, Criminal Law, §76: 19 (3rd ed. 2009), Dangerfield would submit that a presentence investigation could have possibly revealed mitigating circumstances calling for a shorter definite sentence.

(Appellant's Brief, State Court Record, ECF No. 9, PageID 61.) Here, as well, there is no record evidence cited and counsel does not even speculate what the possible mitigating circumstances would have been.

If Mr. Dangerfield had evidence of what would have shown up in a presentence investigation report, he could have submitted it by way of a petition for post-conviction relief in the trial court, but he has not done so, and the time for doing so has expired. See Ohio Revised Code § 2953.21.

That any mitigating circumstances would have reduced his sentence further is also speculative. The grand jury returned an indictment with capital specifications and Dangerfield pleaded guilty to murdering his own son. Even with those facts, he received the second-lowest sentence possible under the plea agreement, life with parole eligibility after twenty-five years.

**Conclusion**

The First District's decision on Dangerfield's claim of ineffective assistance of trial counsel was neither contrary to nor an objectively unreasonable application of the relevant Supreme Court precedent, *Strickland v. Washington, supra.* Therefore the Petition should be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 21, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).